**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VANIA SIMMS, individually and on behalf
of all others similarly situated,

     Plaintiff,

vs.                                                                                      Case No.:

WRIGHT OF FLORIDA, LLC,

     Defendant.

_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VANIA SIMMS ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, sues the Defendant, WRIGHT OF FLORIDA, LLC ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 201, *et seq.* (the Fair Labor Standards Act), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

2.      Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.      Plaintiff, VANIA SIMMS, is a resident of Polk County, Florida, at all times material and worked for Defendant in this Judicial District during the applicable statute of limitations.

4.      Defendant, WRIGHT OF FLORIDA, LLC, is a foreign company authorized and doing business in this Judicial District.

5.      Defendant, WRIGHT OF FLORIDA, LLC, is an employer within the meaning of 29 U.S.C. § 203(d) and subject to the Fair Labor Standards Act because it is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and because it has an annual gross volume of sales made or business done greater than $500,000.00.

6.      At all times material herein, Plaintiff was a non-exempt employee of Defendant pursuant to 29 U.S.C. § 203(e)(1) and was paid on an hourly basis.

7.      As part of Plaintiff's duties for Defendant, Plaintiff regularly engaged in commerce or in the production of goods for commerce, or in activities which are closely related and directly essential to the production of goods for commerce, and is therefore entitled to the protections provided by the FLSA.

2

## GENERAL ALLEGATIONS

8.    Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

9.    Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

10.    Defendant provides a broad range of traffic control services to public agencies, contractors, and communities, including general traffic control (such as short-term lane closures, lane shifts, detours, and full road closures), traffic management plan design, and traffic equipment rentals.

11.    A significant percentage of Defendant's business is dedicated to providing "flagging services" for temporary traffic control zones, such as construction and maintenance sites.  "Flaggers" communicate with drivers using stop/slow paddles and other devices to control vehicle flow and maintain smooth traffic movement through work sites.

12.    Defendant maintains more than 40 offices across the Midwest, Mid-Atlantic, and Southern States.  In Florida alone, Defendant has, at a minimum, local offices in the following cities: Jacksonville, Ocala, Sarasota, Avon Park, Haines City, Orlando, Mount Dora, Casselberry, and Clearwater.    Upon information and belief, Defendant employs approximately 1,000 employees at any

given time, with thousands employed at some point over the last three years throughout Florida.

13.    Plaintiff, VANIA SIMMS, was employed by Defendant beginning January 17, 2022, and was terminated on January 3, 2025.  During her employment, Plaintiff held two positions: Scheduler and Flagger/Crew Lead.  Plaintiff worked out of Defendant's Haines City, Florida office located at 1100 Polk City Road, Haines City, Florida 33844.

14.    From approximately January 17, 2022 through August 2024, Plaintiff was employed by Defendant as a Scheduler and was paid at the rate of $17.65 per hour.

15.    As a Scheduler, Plaintiff was regularly required to work 50 to 60 hours per week. Plaintiff was issued a company phone and was expected to answer it at any time, including nights and weekends, resulting in Plaintiff being on-call and working well in excess of 40 hours per week.

16.    Despite regularly working 50 to 60 hours per week as a Scheduler, Defendant would not compensate Plaintiff at one and one-half times her regular rate of pay for all hours worked over forty (40) in the workweek.

17.    In or around August 2024, due to the unlawful pay practices described above, Plaintiff stepped down from her Scheduler position and transitioned to the position of Crew Lead/Flagger.

4

18.    As a Traffic Control Technician/Flagger, Plaintiff was paid at the rate of approximately $16.78 per hour.

19.    As a Crew Lead/Flagger Plaintiff was assigned a company pickup truck that contained cones, signs, flags, and other traffic control equipment necessary for Plaintiff and her crew to perform their job duties.

20.    Plaintiff's primary additional responsibility as Crew Lead was to drive and pick up crew members (other flaggers).  Crew members were required to ride with the Crew Lead and were not permitted to drive themselves to job sites where they performed traffic control functions.

21.    Plaintiff resided in Lakeland, Florida, and the majority of the job sites to which she transported her crew were located outside a customary commuting area, creating substantial unpaid travel time at the beginning and end of each workday.

22.    Plaintiff and her crew were only paid upon arrival at the job site. Plaintiff was not compensated for the time spent driving to pick up her crew members, transporting them and equipment essential to the their jobs to the job site, or returning after the job was completed.

23.    As Crew Lead/Flagger, Plaintiff worked approximately 40 to 50 hours per week, excluding uncompensated driving time. Plaintiff was responsible

for completing timesheets for herself and her crew only for time on site at the direction of the job site foreman.

24.    The drive time Plaintiff spent transporting crew members and equipment to and from job sites was performed principally for the benefit of Defendant, as Plaintiff was required to use a company vehicle stocked with Defendant's equipment and was required to transport crew members who were not permitted to provide their own transportation.

25.    Plaintiff worked as a Crew Lead/Flagger from August 2024 until her termination on January 3, 2025.[1]   Plaintiff's operations manager, Neftali Andino, terminated Plaintiff's employment via text message on January 3, 2025.

26.    Throughout her entire period of employment with Defendant, Plaintiff was a non-exempt hourly employee entitled to overtime compensation at one and one-half times her regular rate of pay for all hours worked in excess of 40 per week.

27.    Other employees of Defendant who worked as crew members were subject to the same pay practices described herein, including not being compensated for drive time spent transporting crew members and commuting to and from job sites.

---

[1] In connection with Plaintiff's termination, Plaintiff has filed an EEOC charge alleging violation of the ADA and Florida Civil Rights Act, which remains pending.  Plaintiff intends to amend this complaint or file a separate action upon satisfying her administrative remedies and receiving a right to sue letter from the EEOC.

28.     Defendant's failure to compensate Plaintiff and other similarly situated employees for all hours worked, including drive time that constituted compensable work, was knowing, intentional, and willful.

### COUNT I
### FLSA OVERTIME CLAIM

27.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 28.

28.     This Count is brought by Plaintiff individually for Defendant's failure to pay Plaintiff overtime compensation in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

29.     As a Scheduler from January 17, 2022 through August 2024, Plaintiff was regularly required to work 50 to 60 hours per week but was not compensated for all hours worked over 40 in the workweek.

30.     As a Crew Lead/Flagger, from August 2024 through January 3, 2025, Plaintiff was required to drive a company vehicle, pick up crew members, and transport them and equipment to and from job sites, yet was not compensated for this time. This drive time constituted compensable hours worked under the FLSA because it was performed for the principal benefit of Defendant using Defendant's vehicle and equipment, and because Plaintiff was required to perform this work as a condition of her employment.

31.    The employment of Plaintiff provided for a forty (40) hour work week, but throughout her employment Plaintiff was required to work, and did work, a substantial number of hours in excess of forty (40) hours per work week, including uncompensated overtime hours as a Scheduler and uncompensated drive time hours as a Crew Lead/Flagger.

32.    At all times material, Defendant failed to comply with 29 U.S.C. § 201, et seq., in that Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiff at the rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in a work week.

33.    At all times material, Defendant failed to comply with 29 U.S.C. § 201, et seq., in that Defendant failed to pay Plaintiff for all hours worked, including those hours Plaintiff spent transporting crew members to and from job sites.

34.    Defendant's failure to pay Plaintiff the required overtime compensation and wages for all hours worked was knowing, intentional, and willful.

35.    As a direct and legal consequence of Defendant's unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, VANIA SIMMS, respectfully requests all legal and equitable relief allowed by law, including but not limited to:

a. Judgment against Defendant for unpaid overtime compensation and all other unpaid wages, liquidated damages, and prejudgment interest;

b. Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

c. Equitable relief declaring and mandating the cessation of Defendant's unlawful pay practices; and

d. Such other relief as the Court may deem just and proper.

## COUNT II
## FLSA COLLECTIVE ACTION ON BEHALF OF
## ALL CREW LEADS AND FLAGGERS

36. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 28.

37. This Count is brought by Plaintiff as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated current and former employees of Defendant who worked as traffic control technicians, flaggers, or crew leads in the state of Florida and were not compensated for all hours worked, including drive time spent commuting and transporting crew members to and from job sites (the "Collective Members").

9

38.     Plaintiff and the Collective Members are similarly situated in that they held the same or substantially similar positions as traffic control technicians, flaggers, or crew leads employed by Defendant; performed the same or substantially similar duties; were subject to the same pay practices and policies of Defendant; and were not compensated for all hours worked, including hours spent in pre-shift and post-shift travel transporting crew members and commuting between job sites.

39.     Defendant required the Collective Members to use and commute exclusively in Defendant's company vehicles, stocked with Defendant's traffic control equipment, to pick up and transport crew members who were not permitted to provide their own transportation to job sites. This travel was performed for the principal benefit of Defendant.

40.     Defendant's practice of failing to compensate the Collective Members for drive time spent transporting crew members was a uniform, state-wide policy applied to all similarly situated employees. Indeed, one court has already certified a similar action out of Defendant's Ocala office. *See Ortiz v. Wright of Florida,* Case No. 5:24-cv-445-TJC-PRL, (M.D. Fla., Ocala Division, Aug. 23, 2024).

41. The Collective Members are readily identifiable through Defendant's payroll and employment records, and joinder of all such persons is impracticable given the number of Defendant's similarly situated employees.

42. At all times material, Defendant failed to comply with 29 U.S.C. § 201, et seq., in that Plaintiff and the Collective Members worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiff and the Collective Members at the rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in a work week.

43. Defendant's failure to pay Plaintiff and the Collective Members the required overtime compensation and wages for all hours worked was knowing, intentional, and willful.

44. As a direct and legal consequence of Defendant's unlawful acts, Plaintiff and the Collective Members have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, VANIA SIMMS, individually and on behalf of the Collective Members, respectfully requests all legal and equitable relief allowed by law, including but not limited to:

a. Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b);

11

b.      Prompt issuance of notice to all similarly situated current and former employees of Defendant in the State of Florida who worked as traffic control technicians, flaggers, or crew leads, informing them of this action and their right to opt-in (indeed, over 100 Crew Members have opted-in to the *Ortiz* matter upon receipt of notice indicating a strong desire to join if Collective Members receive notice);

c.      Judgment against Defendant for unpaid overtime compensation and all other unpaid wages for Plaintiff and the Collective Members, together with liquidated damages and prejudgment interest;

d.      Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

e.      Equitable relief declaring and mandating the cessation of Defendant's unlawful pay practices; and

f.      Such other relief as the Court may deem just and proper.

**COUNT III**
**BREACH OF EMPLOYMENT CONTRACT**

45.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 28.

46.    This Court has supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367.

47.     At all times material, Plaintiff and Defendant entered into an employment agreement, express or implied, pursuant to which Defendant agreed to compensate Plaintiff for all hours worked, including all overtime hours worked in excess of 40 hours per week.

48.     Defendant materially breached its agreement to compensate Plaintiff for all hours worked by failing and refusing to pay Plaintiff for all overtime hours worked as a Scheduler or Crew Lead/Flagger throughout her employment for Defendant.

49.     As a direct result of Defendant's breach, Plaintiff has suffered damages in the form of unpaid wages and overtime compensation.

50.     Pursuant to Florida Statute § 448.08, the court shall award the prevailing party in any action for unpaid wages a reasonable attorney's fee, to be assessed against the losing party. Plaintiff is entitled to an award of reasonable attorneys' fees and costs as the prevailing party in this action.

WHEREFORE, Plaintiff, VANIA SIMMS, respectfully requests all legal and equitable relief allowed by law, including but not limited to:

a.     Judgment against Defendant for all unpaid wages owed to Plaintiff, together with prejudgment interest;

b.     Reasonable attorneys' fees and costs pursuant to Florida Statute § 448.08; and

c.    Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

51.    Plaintiff requests a jury trial on all issues so triable.

**DATED** this 25th day of June, 2026.

**FLORIN | GRAY**

*/s/ Miguel Bouzas*

**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary: MBouzas@floringray.com
Secondary: angela@floringray.com
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
Primary: CGray@floringray.com
Secondary: debbie@floringray.com
16524 Pointe Village Drive,
Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Counsel for Plaintiff*